UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH CORDIER<br><br>Defendant. | 3:16-CR-30068-1<br><br>OPINION AND ORDER DENYING MOTION FOR POST SENTENCING RECOMMENDATION |

Joseph Cordier (Cordier) moves pro se for this Court to make a post-sentencing judicial recommendation that he be placed in a residential reentry center (RRC) for the final twelve months of his sentence. For the reasons discussed below, this Court denies the motion.

Cordier pleaded guilty before this Court to abusive sexual contact with a child in violation of 18 U.S.C. §§ 1153, 2244(a)(5), 2241(c), and 2246(3), Docs. 46, 47, 41, 52, and was sentenced on April 11, 2017, to 60 months imprisonment consecutive to his state court sentence. Doc. 60 at 1–2. In its Judgment of Cordier, this Court classified him as a prerelease case for possible placement at an RRC, Doc. 60 at 5, and recommended to the Bureau of Prisons (BOP) that Cordier "would be an excellent candidate for the Bureau of Prisons' substance abuse treatment program," Doc. 60 at 2. It did not at that time recommend that the final twelve months of his sentence be spent in a RRC, nor did Cordier move for this Court to make such a recommendation prior to or at his sentencing. Doc. 60 at 2.

1

18 U.S.C. § 3621(b)(4)(B) permits, but does not require, the BOP to consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." Courts which have considered the issue have taken conflicting views of whether this statute empowers a district court that previously sentenced a prisoner to make a later recommendation to the BOP regarding that prisoner. Compare United States v. Landers, No. 6:09-cf-0893-10-JMC, 2013 WL 5530271, at *1–2 (D.S.C. 2013) (questioning the district court's ability to issue a recommendation long after it has imposed a sentence) with United States v. Palacios, No. 05CR2203 IEG, 2007 WL 2410389, at *1, (S.D. Cal. 2007) (holding that the court had the authority to make a post-sentencing recommendation in response to a prisoner's motion and granting the motion). Regardless of which view of the law is correct, this Court declines to grant the motion. The BOP has more information and presumably more expertise deciding which prisoners deserve to be placed in RRCs to serve out sentences and in what priority to place such prisoners. The BOP also has better information than this Court to know how full RRCs are and whether any RRC has space for a full year's time for Cordier or any similar inmate. "A determination of if and when a prisoner should be allowed to serve the remainder of his sentence in a half-way house is best left to the discretion, experience, and expertise of the BOP." United States v. Baker, NO. 4:08-CR-67(7), 2016 WL 11265415, at *1, (E.D. Tex. 2016).

Indeed, 18 U.S.C. § 3624(c)(1) provides that "[t]he Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." There is little purpose in this Court making a recommendation that the BOP follow the statute; this Court would have to do so in every case—not just Cordier's—and the BOP already is obliged

under statute to ensure Cordier spend a portion of his sentence not to exceed one year in conditions to prepare for his ultimate release.

For these reasons, it is hereby

ORDERED that Cordier's motion for this Court to make a post-sentencing judicial recommendation to the BOP, Doc. 62, is denied.

DATED this 9th day of July, 2018.

BY THE COURT:

*Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE